FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2013 DEC -9 A 10: 21

CLERK_____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| JOSEPH WILLIAMS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 113-157 |
| | ) | |
| BRIAN OWENS, Commissioner, Georgia | ) | |
| Department of Corrections, et al., | ) | |
| | ) | |
| Respondents. | ) | |

___

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

___

Petitioner brought the above-captioned case pursuant to 28 U.S.C. § 2254. The petition is now before the Court for initial review pursuant to Rule 4 of the Rules Governing Section 2254 Cases.[1] For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that Warden Perry and Attorney General Olens be **DISMISSED** as improper Respondents, the petition be **DISMISSED,** and that this civil action be **CLOSED**.

I. **BACKGROUND**

On October 14, 1998, a Burke County jury found Petitioner guilty of murder, armed robbery, burglary, and possession of a firearm during the commission of a felony. (Doc. no.

___

[1] Rule 4 of the Rules Governing Section 2254 Cases states in pertinent part:

> The clerk must promptly forward the petition to a judge under the court's assignment procedure, and the judge must promptly examine it. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

1, pp. 3-4.) Petitioner received a sentence of life imprisonment plus twenty-five years. (Id.) He appealed to the Supreme Court of Georgia, which affirmed the conviction on May 8, 2006. (Id.) Petitioner then filed a state habeas corpus petition in the Ware County Superior Court on March 15, 2007. (Id.) Following an evidentiary hearing, the state habeas court denied the petition on March 5, 2009, and Petitioner did not apply for a Certificate of Probable Cause to Appeal ("CPC").[2] (Id. at 5.)

Nearly four and half years later, Petitioner submitted the instant federal habeas petition, dated August 28, 2013, along with a motion to proceed *in forma pauperis* ("IFP"), both of which were filed by the Clerk of Court on September 3, 2013. (Doc. nos. 1, 2.) In the petition, he raises four claims of ineffective assistance of counsel as grounds for relief. (Id. at 8-16.) Plaintiff acknowledges that his petition is untimely, but claims that a "new rule of law" was established by the Supreme Court's May 28, 2013 decision in Trevino v. Thaler, such that his petition is not time-barred. (Id. at 5 (citing 133 S. Ct. 1911 (U.S. 2013)).) On September 19, 2013, the Court denied Petitioner's IFP motion and directed him to pay the $5.00 filing fee within 21 days. (Doc. no. 3.) Although Petitioner submitted it well after the deadline, the Court has now received the filing fee. However, in the interim, Petitioner submitted an amendment to his petition dated October 14, 2013, in which he raises two additional grounds for relief based on ineffective assistance of counsel. (Doc. no. 4.)

---

[2] The form on which Petitioner filed the instant petition asks whether he appealed his state habeas petition to the highest state court having jurisdiction. (Doc. no. 1, p. 5.) Although he checked "Yes," Petitioner then provided a lengthy explanation for why he did not seek to appeal. (Id.) As Petitioner provides no other indication that he applied for a CPC, the Court presumes that he did not do so.

2

## II. DISCUSSION

### A. Improper Respondents

As an initial matter, the Court finds that Warden Perry and Attorney General Olens are improper Respondents and should therefore be dismissed. Pursuant to 28 U.S.C. § 2242, an application for a writ of habeas corpus shall allege the name of the person having custody over a petitioner. Furthermore, Rule 2(a) of the Rules Governing Section 2254 Cases states that for habeas petitioners who are currently in the custody of the state, "the petition must name as respondent the state officer who has custody." The Advisory Committee Notes to Rule 2 explain that the state officer having custody of the petitioner is the appropriate respondent when a petitioner is seeking relief from a sentence for which he is currently incarcerated. The Notes further explain that the state Attorney General is an appropriate party respondent when the petitioner is attacking a sentence which will be carried out in the future or for which the petitioner is not incarcerated, on probation, or on parole. As another federal court has explained, "[T]he only proper respondent in a collateral attack is the petitioner's custodian. . . . A state's attorney general is a proper party only if the petitioner is not then confined, but expects to be taken into custody." Hogan v. Hanks, 97 F.3d 189, 190 (7th Cir. 1996).

As Petitioner is challenging the sentence for which he is currently incarcerated, and is incarcerated in a private facility where the warden is not a state officer, Commissioner Owens is the proper Respondent. Therefore, the Court **REPORTS** and **RECOMMENDS** that Warden Perry and Attorney General Olens be **DISMISSED** as improper Respondents.

### B. The Petition is Time-Barred.

28 U.S.C. § 2244, as amended by the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), provides a one-year statute of limitations for § 2254 motions that runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Petitioner filed a direct appeal of his conviction and judgment, and the Supreme Court of Georgia affirmed on May 8, 2006. Therefore, Petitioner's conviction became "final" in August 2006, when the ninety-day time period for indicating intent to seek review in the United States Supreme Court expired. Pugh v. Smith, 465 F.3d 1295, 1299 (11th Cir. 2006) (citing U.S. Sup. Ct. R. 13.1).

The Court recognizes that, pursuant to § 2244(d)(2), the one-year statute of limitations does not run while a properly filed application for state post-conviction or other collateral review is pending in state court. Cramer v. Sec'y, Dep't of Corr., 461 F.3d 1380, 1383 (11th Cir. 2006). Here, Petitioner filed his state habeas petition on March 15, 2007, and it was denied on March 5, 2009. The statute of limitations period was tolled during this time, but began to run again in

4

April 2009, when the time to apply for a CPC expired.[3] Therefore, the instant § 2254 petition is untimely, as it was filed by Petitioner over four years after the limitations period began to run again.

Petitioner argues that a new rule of law was established by the United States Supreme Court in Trevino, so that his petition is not time-barred under AEDPA's statute of limitations. (Doc. no. 1, p. 5.) Petitioner is mistaken, as the Supreme Court's ruling in Trevino discussed a particular exception to the "independent and adequate state ground" doctrine, which would otherwise bar an ineffective assistance of counsel claim from being heard in federal court if it was procedurally defaulted by state law. 133 S. Ct at 1917-18; (citing Martinez v. Ryan, 132 S. Ct. 1309, 1314-17 (U.S. 2012). This "narrow exception . . . modif[ied] the unqualified statement in Coleman that an attorney's ignorance or inadvertence in a postconviction proceeding does not qualify as cause to excuse a procedural default." Id. at 1917 (quoting Martinez, 132 S. Ct. at 1315). In Trevino, the Supreme Court stated that the exception it created in Martinez applied, and reiterated that "[a] procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective." Id. at 1921 (quoting Martinez, 132 S. Ct. at 1320). Importantly, the Supreme Court's holding in Trevino did not create an exception to AEDPA's statute of limitations, nor are the circumstances creating the exception to the independent and adequate state grounds doctrine present in this case even if the petition was not time-barred. Thus, the Supreme Court's ruling in Trevino does not reset Petitioner's statute of limitations period, and the instant petition is untimely.

---

[3] Pursuant to O.C.G.A. § 9-14-52(b), Petitioner had thirty days from the denial of his state habeas petition within which to file in the Georgia Supreme Court an application for a CPC.

5

Nevertheless, an otherwise untimely § 2254 petition may be considered if a petitioner can demonstrate that either he is entitled to equitable tolling or that a fundamental miscarriage of justice has occurred. Equitable tolling can be applied to prevent the application of AEDPA's statutory deadline, but only if a petitioner "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Lawrence v. Florida, 549 U.S. 327, 336 (2007) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). Nevertheless, equitable tolling is typically applied sparingly, Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000), and is available "only in truly extraordinary circumstances." Johnson v. United States, 340 F.3d 1219, 1226 (11th Cir. 2003). The petitioner bears the burden of proving his entitlement to equitable tolling, Jones v. United States, 304 F.3d 1035, 1040 (11th Cir. 2002) (*per curiam*), and will not prevail based upon a showing of either extraordinary circumstances or diligence alone; the petitioner must establish both. Arthur v. Allen, 452 F.3d 1234, 1252 (11th Cir. 2006) (citing Pace, 544 U.S. at 418-19).

In addition, consideration of an otherwise untimely petition for federal habeas relief may be appropriate upon a showing that a "fundamental miscarriage of justice" has occurred, whereby "a constitutional violation has probably resulted in the conviction of one who is actually innocent." McQuiggin v. Perkins, 133 S. Ct. 1924, 1931 (2013) (citing Murray v. Carrier, 477 U.S. 478, 495-96 (1985)); see also Wyzykowski v. Dep't of Corr., 226 F.3d 1213, 1218-19 (11th Cir. 2000). The actual innocence exception "is exceedingly narrow in scope," and a petitioner seeking to invoke it must "show that it is more likely than not that no reasonable juror would have convicted him." Johnson v. Alabama, 256 F.3d 1156, 1171 (11th Cir. 2001) (quoting Schlup v. Delo, 513 U.S. 298, 327 (1995)). In addition, to be credible, a claim of actual innocence must

6

be based on reliable evidence not presented at trial. Id. (quoting Calderon v. Thompson, 523 U.S. 538, 559 (1998)).

Here, Petitioner has not shown that extraordinary circumstances stood in his way and prevented him from filing his petition. Further, Petitioner has not presented any evidence, much less new evidence, to suggest that he did not commit the offenses with which he was charged such that no reasonable juror would have convicted him. Therefore, neither equitable tolling nor the actual innocence exception saves the instant petition from being time-barred under AEDPA.

### III. CONCLUSION

Based on an initial review of the petition as required by Rule 4 of the Rules Governing Section 2254 Cases, and for the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Warden Perry and Attorney General Olens be **DISMISSED** as improper Respondents, the petition be **DISMISSED,** and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 9th day of December, 2013, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE

7